## STATE v. SAMUEL HARGETT.

(Filed 27 September, 1961.)

**1. Indictment and Warrant § 1—**

A preliminary hearing is not an essential prerequisite to the finding of an indictment in this State, and a person arrested without warrant and charged with murder by indictment returned by the grand jury at a term of court during the same month of the arrest may not attack the validity of the trial on the ground that no warrant was issued and no preliminary hearing held. G.S. 15-45, G.S. 15-47, G.S. 15-85, and G.S. 15-87 do not prescribe mandatory procedures affecting the validity of the trial.

**2. Homicide § 20—**

Evidence for the State raising the permissible inference that defendant intentionally shoved deceased face down into the water in a ditch while the deceased was so drunk that he was helpless, and left the deceased there, with expert testimony that deceased died as a result of drowning and not as a result of alcoholism, is sufficient to be submitted to the jury in a prosecution for murder.

**3. Criminal Law § 9—**

An aider is a person who, being present at the time and place, does some act to render aid to the actual perpetrator without taking an actual share in the commission of the offense, and an abettor is one who gives aid and comfort, or either commands, advises, instigates or encourages another to commit the offense.

**4. Same—**

Mere presence alone and failure to do anything to prevent the actual perpetrator from committing a felony cannot constitute a bystander an aider or abettor, even though he has the uncommunicated intention of assisting the perpetrator, unless he is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection.

**5. Same: Homicide §§ 2, 20— Evidence of defendant's guilt as aider or abettor held insufficient to be submitted to jury.**

Evidence that defendant was requested by the actual perpetrator to strike deceased, and refused, and protested against the assault made by the actual perpetrator, and stood by while the actual perpetrator intentionally pushed deceased face down into water in a ditch while deceased was so drunk as to be helpless, and that defendant did nothing to prevent the perpetration of the murder, *is held* insufficient to be submitted to the jury on the question of defendant's guilt as an aider or abettor, even though in other aspects the State's evidence is sufficient to be submitted to the jury on the question of defendant's guilt as the actual perpetrator of the offense, and notwithstanding evidence of defendan's guilt as an accessory after the fact in later making false statements as to the whereabouts of the deceased, and a charge of the court submitting to the jury the question of defendant's guilt, not only as a

pepetrator, but also as an aider and abettor, must be held for error upon defendant's appeal from a conviction, since the verdict may be grounded on the theory that defendant was guilty as an aider and abettor.

APPEAL by defendant from *Hooks, S.J.*, March 1961 Term of CRAVEN. This is a criminal action.

Indictment: Murder. Plea: Not guilty. Verdict: Guilty of manslaughter.

Judgment: Confinement in State Prison for a period of not less than 17 nor more than 20 years.

Defendant appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*
*Kennedy W. Ward for defendant.*

MOORE, J. Before pleading to the bill of indictment, defendant filed a motion alleging that he was arrested and placed in jail on 3 January 1961, no warrant was ever issued, no preliminary hearing was held, and he was thereby denied due process of law. He requested that all proceedings be stayed and abated until a preliminary hearing or coroner's inquest was had. The motion was overruled.

The bill of indictment was returned by the grand jury at the January term, 1961. Counsel was appointed for defendant 8 February 1961. When a person is arrested without a warrant, the arresting officer shall inform such person of the charge against him, and shall immediately, or "as soon as may be," take him before a magistrate and, on proper proof, a warrant shall be issued; an officer failing to comply with these requirements is subject to penalties. G.S. 15-45 and G.S. 15-47. A preliminary hearing may be held unless waived by defendant. G.S. 15-85 and G.S. 15-87. But none of these statutes prescribes mandatory procedures affecting the validity of a trial. A preliminary hearing is not an essential prerequisite to the finding of an indictment in this jurisdiction. "We have no statute requring a preliminary hearing, nor does the State Constitution require it. It was proper to try the petitioner upon a bill of indictment without a preliminary hearing." *State v. Hackney,* 240 N.C. 230, 237, 81 S.E. 2d 778. See also *State v. Doughtie,* 238 N.C. 228, 232, 77 S.E. 2d 642; *State v. Cale,* 150 N.C. 805, 808, 63 S.E. 958. If defendant was at a disadvantage in preparing for trial through ignorance of the nature of the evidence against him, ample remedies were available to him. He might have obtained a hearing at any time by petition for *habeas corpus.* In fact, he requested and obtained a bill of particulars. The ruling on the motion was proper.

Defendant assigns as error the denial of his motion for nonsuit.

The State's evidence, in summary, is as follows: The deceased, Sgt. Paul Weingardner, and Billy Parrish, together with two other soldiers, left Fort Bragg on 1 January 1961 in Weingardner's automobile and went to New Bern and to the home of one McDaniel. Weingardner remained there while the others took the car and visited several places including Holland's Drive-In. Defendant had joined them on their rounds. While they were at Holland's, Weingardner rode up in a taxi and accused Parrish of stealing his car. Abusive language passed between Parrish and Weingardner. Weingardner took his car keys and tried to drive but was too drunk. Parrish drove the car. There were five persons in the car including Weingardner and defendant. They visited another place, obtained liquor, and returned to Holland's. Later Parrish and defendant left in the car to take Weingardner to the bus station to put him on a bus for Fort Bragg. About 20 minutes later Parrish and defendant returned, stating they had put Weingardner on a bus. Later in the evening defendant said that Weingardner was in his (defendant's) car. On 4 January 1961 the body of Weingardner was found in a creek or canal at the City dump. A pathologist performed an autopsy, and testified: "The cause of death was drowning. . . . There was no evidence of trauma on the body. . . . the ethal alcohol content of the blood was 4.0 milligrams per milliliter. . . . A person with this much alcohol content could have been unconscious or could have been in what might be called a helpless condition. . . . death has been reported due to acute alcoholism in a number of cases; . . . the range of alcoholic content in the blood in these cases usually is somewhere from 5.5 to anywhere to 7.5. . . . I found water and fluid in the trachea and lungs. . . . When a person drowns, he does get water in his lungs. . . . The level of the alcohol found in the blood is not enough to kill this man." Parrish testified at the trial: Defendant drove the car from Holland's and he (Parrish) was lying in the back seat. When the car stopped he saw defendant and Weingardner in front of the car. Defendant had Weingardner "by the chest, by the clothes," and shoved him in the ditch. Parrish looked in the ditch and saw Weingardner lying face down in the water. Defendant called and Parrish got in the car and they drove off.

This evidence is sufficient to take the case to the jury. The inference is permissible that defendant intentionally shoved Weingardner face down into the water while he was in a drunken and helpless condition, and left him there, and as a result he drowned.

In the charge the court instructed the jury that the State contended the defendant was guilty by reason of aiding and abetting even if he should be found not guilty as principal in the first degree. The

court then gave full and correct instructions as to the law relating to aiding and abetting in the commission of crime. And finally, the court charged: ". . . if you find from all the evidence and beyond a reasonable doubt that the defendant unlawfully committed an intentional assault and battery upon Sgt. Weingardner . . . or if you find beyond a reasonable doubt that the defendant was present and aided and abetted another person who committed an assault and battery upon Sgt. Weingardner . . . and if you further find that such assault and battery was the proximate and efficient cause of the drowning and death of Sgt. Weingardner, you would return a verdict of guilty of manslaughter." This instruction is tantamount to a declaration by the court that the evidence is sufficient as a matter of law to support a verdict of guilty on the ground that defendant aided and abetted another.

Officer Laughinghouse testified that defendant made the following statement when interrogated by him: They went to the City dump. Parrish asked defendant to hit Weingardner. Defendant refused. Parrish opened the door and pulled Weingardner out of the car. Defendant told Parrish, "Man, you shouldn't hit him, lay him over on the side of the grass." He told Parrish not to hit Weingardner. But Parrish threw deceased in the ditch. Defendant did nothing to stop Parrish, looked at deceased lying in the ditch but did not attempt to pull him out.

The evidence does not warrant a verdict of guilty on the ground of aiding and abetting. "A person aids when, being present at the time and place, he does some act to render aid to the actual perpetrator of the crime though he takes no direct share in its commission; and an abettor is one who gives aid and comfort, or either commands, advises, instigates or encourages another to commit a crime." *State v. Holland,* 234 N.C. 354, 358, 67 S.E. 2d 272; *State v. Johnson,* 220 N.C. 773, 776, 18 S.E. 2d 358. ". . . Mere presence, even with the intention of assisting in the commission of a crime cannot be said to have incited, encouraged or aided the perpetration thereof, unless the intention to assist was in some way communicated to him (the perpetrator). . . ." *State v. Hoffman,* 199 N.C. 328, 333, 154 S.E. 314. However, there is an exception. ". . . when the bystander is a friend of the perpetrator, and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement, and in contemplation of law this was aiding and abetting." *State v. Holland, supra.*

Applying the foregoing rules to the evidence, we find no basis for conviction of defendant as an aider and abettor. He was either guilty as the perpetrator or not guilty at all. He was present, it is true. It

may be that he was a friend of Parrish. But he refused to strike deceased when requested by Parrish and protested against the assault made by Parrish. He made his feelings and intentions clear to the perpetrator. It is true that he did not physically intervene and did not pull deceased from the water. ". . . one who is present and sees that a felony is about to be committed, though he may do nothing to prevent it, does not thereby participate in the felony committed. Every person may, upon such an occasion, interfere to prevent, if he can, the perpetration of so high a crime; but he is not bound to do so at the peril, otherwise, of partaking of the guilt. It is necessary, in order to have that effect, that he should do or say something showing his consent to the felonious purpose and contributing to its execution, as an aider and abettor." *State v. Hart*, 186 N.C. 582, 585, 120 S.E. 345; *State v. Hildreth*, 31 N.C. 440, 444. He had had no difficulty with deceased. The fact that he later, at another place, made false statements as to the whereabouts of deceased is not alone sufficient to make him an aider and abettor. If Parrish was the perpetrator, such statements might be evidence of defendant's guilt as an accessory after the fact.

Under the challenged instruction, it is possible that the jury's verdict was grounded upon the theory that defendant was guilty as aider and abettor.

Other matters assigned as error may not recur when the case is tried again.

New trial.