## STATE v. JOHNNY PAYTON.

(Filed 27 September, 1961.)

**Constitutional Law § 31—**

In this prosecution of defendant for rape of an eight-year old ·child, the court had the reporter take the examination of the child in the absence of the jury because of the difficulty in getting the child to answer questions and to talk loud enough for the jury to hear and comprehend her story, and then had the reporter read to the jury the examination which had been conducted in its absence. *Held:* The defendant is entitled to have the jury hear the testimony from the witness herself and to observe her demeanor at the time she testified, and a new trial must be awarded.

APPEAL by defendant from *Morris, J.,* at the March, 1961 Term, JONES Superior Court.

Criminal prosecution upon an indictment charging the defendant Johnny Payton with the crime of rape. The alleged victim, Margie Henderson, age eight, is the daughter of the defendant's wife. At the time of the trial she was nine years of age. During her direct examination by the solicitor she cried frequently, did not answer questions readily, and at times did not answer at all. After many attempts by the solicitor and the presiding judge to reassure the witness and have her talk loud enough for the jurors to hear and to comprehend her story, the judge finally excused the jury and conducted the. further examination in the jury's absence. The court reporter took the examination in shorthand. This examination brought out evidence tending to establish all essential elements of the crime charged.

After the examination the court recalled the jury and, over defendant's objection, had the reporter read to the jury the examination which had been conducted in its absence. The defendant duly excepted. (Exceptions Nos. 10 and 15, Assignment of Error No. 7)

The jury returned a verdict of guilty of rape and recommended the punishment be imprisonment for life. From the judgment accordingly, the defendant appealed.

*T. W. Bruton, Attorney General, H. Horton Rountree, Asst. Attorney General, for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

PER CURIAM. Evidence vital to the State's case against the defendant was elicited from the State's witness in the absence of the jury. The court reporter relayed this evidence to the jury by reading her notes. Thus the story of the witness went to the jury as hearsay. The

defendant was entitled to have the jury hear the story from the witness herself and to observe her demeanor at the time she told it. This was a fundamental right.

A review of the record fully discloses the difficult problem confronting the court by reason of the tender age of the witness and the excitement incident to her role in the court proceedings. Nevertheless, guilt must be established by evidence offered in accordance with the rules. For the error committed, the defendant is awarded a

New trial.