STATE v. WILLIAM LARRY DANIEL, AND JERRY MITCHUM GULLEDGE.

(Filed 22 November, 1961.)

**1. Automobiles § 84—**

A warrant charging that defendant did, on a specified date, unlawfully and willfully engage in a speed competition on a public highway with another motor vehicle is sufficient to inform defendant of the offense with which he is charged and is adequate to protect him against further prosecution for the same offense.

**2. Indictment and Warrant § 9—**

A warrant which is sufficient to inform a person of the offense with which he is charged and which is adequate to protect him against further prosecution for that offense is sufficient. G.S. 15-153.

**3. Automobiles § 84—**

Evidence tending to show a prearrangement between defendants to race on the highway and that in engaging in such speed competition they operated their respective vehicles at an unlawful rate of speed is sufficient to support a verdict of guilty of violating G.S. 20-141(b).

APPEALS by defendants from *Hooks, S.J.,* April 1961 Term of CABARRUS.

Defendants were tried and convicted in the Recorder's Court of Cabarrus County on warrants which charged the named defendant, on or about 18 March 1961, "unlawfully, wilfully and feloniously did operate a motor vehicle upon the public highways of North Carolina and did willfully engage in speed competition with another motor vehicle in Vio. G.S. 20-141.3 against the form of the Statute in such cases made and provided . . ." They appealed to the Superior Court. There the cases were consolidated for trial. The jury found defendants guilty. After the verdict defendants moved in arrest of judgment, contending the warrants failed to charge a criminal offense, merely charging two unrelated noncriminal acts. The motion was overruled. Judgment was entered on the verdict. Defendants appealed.

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*

*B. W. Blackwelder for defendant appellants.*

PER CURIAM. The record does not disclose any challenge to the warrant in the Recorder's Court nor in the Superior Court until after the verdict. G.S. 20-141.3(b) makes it "unlawful for any person to operate a motor vehicle on a street or highway wilfully in speed competition with another motor vehicle." We think there can be no doubt that defendants understood the warrants to charge a violation of this statute. A warrant sufficient to inform a person of the offense with which he is charged and adequate to protect him against further prosecution for that offense is sufficient. G.S. 15-153; *S. v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133.

Defendants' motion for nonsuit was properly overruled. The evidence was adequate to support the verdict because sufficient to show a prearrangement between defendants to race on the highway, reaching a speed of 55 m.p.h. in a 35 m.p.h. speed zone. The case was submitted to the jury on a charge to which no exception was taken.

No error.