STATE OF NORTH CAROLINA v. DEWEY CLIFTON WILSON.

(Filed 20 January, 1967.)

**1. Criminal Law § 83—**

A defendant is entitled to show that the prosecuting witness was biased or prejudiced against him for the purpose of challenging her credibility.

**2. Constitutional Law § 31—**

Where the court excludes the testimony of defendant's witness tending to show that the prosecuting witness was biased or prejudiced against him, the fact that the court thereafter has the court reporter read the testimony to the jury does not cure the error, since defendant is entitled to have the jury hear the testimony of his witness and observe her demeanor.

APPEAL by defendant from *Latham, S.J.,* November 1963 Criminal Session of GUILFORD. *Certiorari* allowed.

Defendant, represented by privately employed counsel, was tried and convicted upon a bill of indictment charging him with incestuous relations with his 14-year-old daughter, Darlene Wilson. From a sentence of not less than 10 nor more than 15 years in the State's prison, defendant gave notice of appeal. At that time, however, he was indigent and unable to perfect his appeal because of his inability to pay his counsel. While serving the sentence imposed, defendant filed a petition for a post-conviction hearing under G.S. 15-217, *et seq.* On April 22, 1966, Judge Eugene G. Shaw conducted the hearing and directed Robert A. Merritt, Esq., defendant's court-appointed counsel, to undertake to perfect defendant's appeal. On October 20, 1966, we allowed *certiorari* and the appeal was heard on December 13, 1966.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*
*Robert A. Merritt for defendant.*

PER CURIAM. The evidence of the prosecuting witness, if true, justified the conviction and sentence imposed upon defendant. He, however, denied his guilt of the crime charged and testified that his daughter had threatened to get rid of him because of his attempts to control her conduct. She had told him at least three times, he said, that she could "make up something" which would "put him away." Defendant offered as a witness his next door neighbor, Mrs. Mary Cook, who, *inter alia,* testified in the absence of the jury as follows:

1. "Q. Did Darlene at any time tell you anything about her father and mother making her do things or not?
"A. No, I don't believe. I can't remember any. I know several times she would say that she'd have a lot more fun if her daddy wasn't at home; he was too tight on her.
\* \* \*

2. "Q. At any time did you hear Darlene say anything concerning getting rid of her daddy?

"A. That's about all, I think. She said she could have more fun if he was away, that she wished he would get time.

3. "Q. What's that?
"A. That she wished he would get time so she could be, she could be, she could go places and do more than she could with him at home. That's about all.

4. "Q. Was she up at your house frequently?
"A. Yes sir, she was up there right frequently."

The solicitor's objection to each of the above questions and answers was sustained. Defendant excepted to the refusal of the court to permit the jury to consider each question and answer. Whereupon, the court instructed the court reporter to "read back to the jury" questions numbered 2, 3, and 4. She did so, and defendant excepted to the refusal of the court to permit Mrs. Cook to answer these questions in person in the presence of the jury.

The Attorney General concedes that, if the above evidence of Mrs. Cook was properly admissible and material to the defense, defendant is entitled to a new trial under the ruling in *State v. Payton,* 255 N.C. 420, 121 S.E. 2d 608. In *Payton,* "evidence vital to the State's case against the defendant was elicited from the State's witness in the absence of the jury. The court reporter relayed this evidence to the jury by reading her notes." In awarding a new trial, this Court said: "Thus the story of the witness went to the jury as hearsay. The defendant was entitled to have the jury hear the story from the witness herself and to observe her demeanor at the time she told it. This was a fundamental right." *Id.* at 420-21.

This defendant is no less entitled to have the jury hear the testimony of his witnesses and observe their demeanor. Mrs. Cook's testimony tended to show that Darlene Wilson was biased against her father and had a motive to get rid of him. It bore upon the credibility of the prosecutrix's declarations. It was, therefore, competent and material to defendant's defense. "It is always open to a defendant to challenge the credibility of the witnesses offered by the prosecution who testify against him." *State v. Armstrong,* 232 N.C. 727, 728, 62 S.E. 2d 50, 51.

The exclusion of the proffered testimony entitles defendant to a

New trial.