CLINARD JOHNSON, ADMINISTRATOR OF THE ESTATE OF PEGGY FAW JOHNSON, DECEASED, v. JACK EDWARD McNEIL, CHELSIE M. McNEIL AND PAUL GROCE, ORIGINAL DEFENDANTS, AND STEPHEN MICHAEL JOHNSON, ADDITIONAL DEFENDANT.

(Filed 19 April, 1967.)

**Judgments § 13—** Default judgment may not be entered against one tort-feasor during extension of time to answer granted other tort-feasors.

Plaintiff instituted this action for wrongful death against the driver and against the owner of the automobile which collided with the car in which intestate was riding as a passenger, alleging negligence on the part of defendant driver, and plaintiff also joined the driver of a third car as a joint tort-feasor, alleging that at the time this driver was engaged in an automobile race with the first defendant driver. Extension of time to answer was obtained at the instance of the first two defendants. *Held:* Judgment by default against the third defendant during the period of extension is error, since defendants were entitled to file a joint answer and all of defendants were entitled to the benefit of the extension in the absence of provision in the order limiting its application.

APPEAL by defendant, Paul Groce, from order of *Latham, S.J.,* denying motion to set aside judgment by default and inquiry entered against him on September 9, 1966.

*Hayes & Hayes by Kyle Hayes, for defendant appellant.*
*John E. Hall, for plaintiff appellee.*
*McElwee & Hall, of counsel.*

HIGGINS, J. The plaintiff's intestate sustained fatal injuries as a result of a collision between her husband's automobile, in which she was a passenger and a 1965 Ford automobile maintained for family purposes by Chelsie M. McNeil and driven by his minor son, Jack Edward McNeil, who was a member of the household. The plaintiff administrator instituted a civil action against both the owner and the driver, alleging the driver was negligent in that he was speeding 75 to 80 miles per hour on the public highway, lost control of his vehicle which skidded into the driving lane occupied by the Ford driven by Stephen Michael Johnson, husband of the plaintiff's intestate.

The plaintiff joined Paul Groce as a defendant, alleging that at the time of the collision the defendant Jack Edward McNeil and Groce were racing on the public highway and that both were jointly liable for the consequence of the fatal accident. *Mason v. Gillikin,* 256 N.C. 527, 124 S.E. 2d 537; *State v. Daniel,* 255 N.C. 717, 122 S.E. 2d 704; *Boykin v. Bennett,* 253 N.C. 725, 118 S.E. 2d 12. The action was instituted and the verified complaint filed on July 26,

1966 by McElwee & Hall, attorneys for the plaintiff. Summons and complaint were served on that day.

The Clerk entered this order extending the time to plead:

"This cause coming on to be heard before the undersigned Clerk of the Superior Court of Wilkes County, upon petition of attorneys for defendants for an extension of time in which to file answer, demur, or otherwise plead; and it further appearing that the attorneys for the plaintiff have consented to said extension;

IT IS THEREFORE, BY CONSENT, ORDERED, ADJUDGED AND DECREED That the defendant shall have until September 25, 1966, to file answer or otherwise plead in said cause.

This the 25th day of August, 1966.

> CORA CAUDILL
> Clerk of Superior Court
> of Wilkes County.

BY CONSENT:
McElwee & Hall
By: John E. Hall
Attorneys for Plaintiff."

The McNeils filed answer on August 31, 1966 denying that Jack Edward McNeil and Paul Groce were engaged in racing or that either of the McNeils was negligent in any respect which caused or contributed to the intestate's death. Other defenses not now material were set up in the answer.

On September 9, 1966 plaintiff obtained the Clerk's signature to what purported to be a judgment by default and inquiry against the defendant Groce because of his failure to file answer. At the next term of Wilkes Superior Court the defendant Groce, at the insistence of his insurance carrier, filed a verified motion before Judge Latham requesting the judgment by default and inquiry be set aside upon two grounds: (1) the Clerk's consent order entered on August 25, 1966 gave the defendant until September 25, 1966 in which to file answer or otherwise plead, and (2) that Groce's liability was alleged to have arisen because at the time of the fatal accident he and Jack Edward McNeil were racing on the highway and that two days after the suit was brought he was tried in the criminal court and acquitted of the charge and, he being inexperienced in such matters, concluded that the acquittal exonerated him from all liability, civil as well as criminal, and that his failure to answer was due to his excusable neglect, and that he has a meritorious defense in that he was not racing and not involved in the accident.

The Court found: (1) Groce was acquitted of the charge of rac-

ing on July 28, 1966; (2) he failed to notify the insurance carrier that civil process in this Court was served on him; and (3) the copy of the complaint served on Groce was not verified and did not show the original filed in the Clerk's office was verified. The Court concluded that Groce could not take advantage of the order extending time and that Groce had failed to show either excusable neglect or meritorious defense and denied the motion to set the default judgment aside.

The order of the Clerk extending the time to plead was not based upon a written motion. The only record is the order itself. It shows to have been entered "on petition of attorneys for defendants and the order granted to the *defendant* until September 25, 1966 to file answer or otherwise plead in said cause". The plaintiff had instituted the suit and charged the McNeils and Groce as being jointly responsible for intestate's death. The attorneys for the plaintiff signed the extension order. If they sought or intended to limit the extension of time to any one of the three defendants, they should have entered the limitation on the order. Not having placed any limitation, reasonable interpretation requires us to say that the extension was granted to each defendant. The plaintiff had elected to sue the defendants jointly. They had a right to file a joint answer at their election. Hence, the Court's finding that attorneys for the McNeils applied for the extension is without significance.

We hold the failure of the plaintiff to restrict or limit the extension order entitled each and all of the defendants to its benefits. The defendant Groce was entitled to rely on the order which extended the time to plead to September 25, 1966 and until that day passed the plaintiff, as a matter of law, could not take a default judgment against him for failure to answer. In failing to give the extension order this effect, Judge Latham committed error of law. Other assigned errors need not be discussed.

The cause is remanded to the Superior Court of Wilkes County with direction to vacate the judgment by default and inquiry entered against Groce on September 9, 1966 and allow Groce time to plead.

Reversed and remanded.