STATE OF NORTH CAROLINA v. LEROY MELVIN REID

No. 6926SC261

(Filed 23 July 1969)

**1. Robbery § 4— armed robbery — sufficiency of evidence — issue of common-law robbery**

In armed robbery prosecution, there is no merit in defendant's argument that he was guilty of only common-law robbery in that at the moment the robbery actually occurred he and his accomplice did not use or threaten to use dangerous weapons in a manner "whereby the life of a person is endangered or threatened," G.S. 14-87, where there was ample evidence that defendant held a gun and his accomplice a knife at the time they assaulted their victim and dragged him into an adjacent lot prior to robbing him.

**2. Kidnapping § 1— removal of victim — length of distance**

In prosecution for kidnapping, evidence that the defendant dragged the victim for a distance of only 75 feet into a lot adjoining the victim's yard does not warrant nonsuit.

**3. Kidnapping § 1— "kidnap" defined**

"Kidnap" means the unlawful taking and carrying away of a person by force and against his will, and it is the fact and not the distance of forcible removal of the victim that constitutes kidnapping. G.S. 14-39.

**4. Kidnapping § 1— instructions**

In kidnapping prosecution, an instruction which would permit the jury to find defendant guilty of the offense upon a finding that he had unlawfully detained the victim without any finding that the body of the victim

had been forcibly removed and carried away for any distance whatsoever is erroneous.

**5. Criminal Law § 168— instructions — prejudicial error**
Where the court charges correctly in one part of the charge and incorrectly in another part, there must be a new trial, since the jury may have acted upon the incorrect part, and this is particularly true when the incorrect part of the charge is the application of the law to the facts.

APPEAL by defendant from *Falls, J.,* 2 December 1968 Schedule "A" Session of MECKLENBURG Superior Court.

Defendant was charged in two bills of indictment with the felonies of armed robbery and kidnapping. He pleaded not guilty to both. Evidence for the State was in substance as follows: Robert Neal has his residence and office in the City of Charlotte, N. C. Adjacent to his house is a garage with walkway running along the side and to the rear, where the entrance to his office is located. At the back of his lot is a hedgerow, four to five feet high, which separates his property from an adjoining vacant lot. At approximately 9:00 a.m. on 3 September 1968 Mr. Neal left his office and as he rounded the corner of the garage he encountered the defendant and another man, by the name of Sims. Prior to that time he had never seen the defendant but had seen Sims on 31 August 1968 at a boardinghouse operated by his wife. The defendant had a gun in his hand and Sims had a knife in his. The defendant had a nylon stocking mask hanging around his neck. Neal ran but tripped and fell. The defendant and Sims seized Neal and dragged him through the hedge at the rear of his property approximately 75 feet into the vacant lot. There the defendant and Sims laid their weapons on the ground while each held one of Neal's arms. As they were binding Neal's wrists with adhesive tape, the defendant picked up the knife from the ground, cut Neal's watchband, took his watch, which had cost $200.00, and removed a Masonic ring, which had cost $75.00, from Neal's hand. The defendant asked Neal where the key to Neal's house was, and Neal told defendant that he did not have it on him but that it was in his office. The defendant and Sims placed adhesive tape over Neal's mouth and eyes and then took him back to the hedgerow which separated his property from the vacant lot. At the hedgerow they laid Neal on the ground and Neal heard the defendant and Sims discuss plans as to how to get to Neal's wife when she should return home and how to gain admission to the house. They remained at the hedgerow for a few minutes and then Neal heard either defendant or Sims yell "Police," whereupon both defendant

STATE *v.* REID

and Sims ran away, and Neal's bonds were removed by a Charlotte Police officer.

Other witnesses, including police officers, testified and identified defendant as the person who was pursued from the scene by the police. Defendant was apprehended a short time later by a Charlotte Police officer who found defendant in a honeysuckle thicket a few blocks away and placed him under arrest.

The jury found defendant guilty of the offense charged in each indictment, and from prison sentences to run concurrently imposed thereon, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich for the State.*

*J. LeVonne Chambers and James E. Lanning for defendant appellant.*

PARKER, J.

[1] Appellant assigns as error the overruling of his motion of nonsuit on the charge of armed robbery. G.S. 14-87 is as follows:

> "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and' upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years."

While admitting the State's evidence shows he held a gun and his accomplice a knife at the time they seized their victim and dragged him into the adjoining lot, appellant argues that the evidence also shows that at the moment the robbery actually occurred he did not use or threaten to use these dangerous weapons in a manner "whereby the life of a person is endangered or threatened," and therefore he could only be found guilty of common-law robbery. In support of this argument he points to the testimony of the prosecuting witness who testified as follows:

> "Q. No one ever threatened your life to get it, did they?
>
> "A. They threatened my life but not to get the watch and ring."

Appellant's argument ignores the fact that all of the evidence shows that the transactions all occurred as one continuous course of events; that there was ample evidence that defendant and his accomplice held in their hands dangerous weapons when they assaulted their victim; that at the moment the actual robbery occurred it was no longer necessary for them to use or threaten to use their weapons, since they had already physically subdued their victim and were in process of binding his arms. Under these circumstances, there was plenary evidence to submit the charge of armed robbery to the jury.

We have also carefully examined the court's charge on armed robbery and find therein no error. There was no error in the trial, verdict, or judgment sentencing the defendant for the offense of armed robbery.

[2] Appellant assigns as error the overruling of his motion for nonsuit on the charge of kidnapping. In this connection appellant contends that the common-law offense of kidnapping, as heretofore defined by the North Carolina Supreme Court, requires that the victim be carried away over a substantial distance, and that the evidence here shows the victim was dragged only some 75 feet into an adjoining lot. There is no merit in this contention.

[3] In North Carolina there is no statutory definition of the crime of kidnapping. The authoritative definition which has been given by the North Carolina Supreme Court is contained in the case of *State v. Lowry*, 263 N.C. 536, 541, 139 S.E. 2d 870, 874, and is as follows:

"The word 'kidnap,' in its application to the evidence in the case at bar, and as used in G.S. 14-39, means the unlawful taking and carrying away of a person by force and against his will (the common-law definition). *State v. Gough*, 257 N.C. 348, 126 S.E. 2d 118; *State v. Dorsett*, 245 N.C. 47, 95 S.E. 2d 90; *State v. Witherington*, 226 N.C. 211, 37 S.E. 2d 497; *State v. Harrison, supra* (145 N.C. 408, 59 S.E. 867). *It is the fact, not the distance of forcible removal of the victim that constitutes kidnapping.*" (Emphasis added.)

The evidence here was amply sufficient to warrant submitting to the jury defendant's guilt of the crime of kidnapping.

[4, 5] The judge correctly charged the jury as to the definition of the crime of kidnapping, following almost verbatim the definition approved in *State v. Lowry, supra.* However, after the jury had retired to consider its verdict and had been in the jury room for approximately one hour, it returned and asked for additional instruc-

tions as to the definition of kidnapping. Thereupon the court charged the jury as follows:

> "Well, with respect to the charge of kidnapping, if you find from the evidence in this case and beyond a reasonable doubt, the burden being upon the State of North Carolina to so satisfy you, that on the 3rd day of September, 1968, the defendant, Leroy Melvin Reid, unlawfully took and carried away from his premises, that is, Neal's premises, the person of Robert Neal, by unlawful physical force, against his will, or did unlawfully seize and unlawfully detain him off of his premises for a period of thirty to forty-five minutes and further find beyond a reasonable doubt that such taking or carrying away or unlawfully detaining the person of Robert Neal was against his will and was unlawful or done without lawful authority and by physical force, then it would be your duty to convict the defendant Reid of the crime of kidnapping as charged in the bill of indictment."

This instruction was in error, in that it would permit the jury to find the defendant guilty of the crime of kidnapping upon a finding that he had unlawfully detained the prosecuting witness without any finding that the body of the victim had been forcibly removed and carried away for any distance whatsoever. Some states have by statute so defined the crime of kidnapping. "Some modern statutes define kidnapping so as to absorb the crime of false imprisonment and tend to obliterate the distinction between the two offenses; others adopt the basic concept that there must be a carrying away of a person from the place where he was seized to some other place." 1 Am. Jur. 2d, Abduction and Kidnapping, § 1, p. 160. North Carolina by judicial definition of the crime still follows the concept that some carrying away or transporting of the person of the victim is an essential element of the crime of kidnapping. Even though a part of the instructions given was a correct statement of the law, our Supreme Court has uniformly held that "where the court charges correctly in one part of the charge, and incorrectly in another part, it will cause a new trial, since the jury may have acted upon the incorrect part, and this is particularly true when the incorrect part of the charge is the application of the law to the facts." *State v. Gurley,* 253 N.C. 55, 58, 116 S.E. 2d 143, 145.

In the trial and judgment sentencing defendant for the crime of armed robbery, we find

No error.

In the case in which defendant was charged with the crime of

kidnapping, because of prejudicial error in the charge, defendant is entitled to a

New trial.

Mallard, C.J., and Britt, J., concur.