STATE OF NORTH CAROLINA v. BILLY C. DIX

No. 7217SC333

(Filed 24 May 1972)

1. **Kidnapping § 1— definition of offense**
    Since G.S. 14-39 does not define the offense of kidnapping, the common law definition may be resorted to for the particular acts constituting the offense.

2. **Kidnapping § 1— definition of offense**
    Kidnapping is the unlawful taking and carrying away of a person by force and against his will; it is the fact, not the distance, of forcible removal of the victim that constitutes kidnapping.

3. **Kidnapping § 1— carrying away — removal from one part of jail to another**
    There was a sufficient "carrying away" to constitute the offense of kidnapping where a jailer was forced by defendant at gunpoint to go from the front door of the jail through numerous distinct portions of the building to the jail cells, a distance of some 62 feet, where friends of defendant were released from their cells and the jailer was locked in a cell.

4. **Criminal Law § 21— motion for preliminary hearing — denial**
    The trial court did not err in the denial of defendant's motion for a preliminary hearing, since the preliminary hearing is not an essential prerequisite to the finding of a bill of indictment.

    Judge PARKER dissenting.

APPEAL by defendant from *Exum, Judge,* 7 December 1971 Criminal Session, ROCKINGHAM Superior Court.

Defendant was charged with kidnapping. He was first tried at the 28 March 1971 Session of Rockingham Superior Court, was found guilty and was sentenced to prison for a term of not less than 20 nor more than 25 years. As a result of a

State v. Dix

post-conviction hearing held at the October 1971 Session of Rockingham Superior Court, defendant was awarded a new trial because of a denial of effective assistance of counsel at his first trial.

Following a retrial, the jury returned a verdict of guilty as charged. From judgment imposing prison sentence of not less than 12 nor more than 25 years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Howard P. Satisky for the State.*

*Gwyn, Gwyn & Morgan by Melzer A. Morgan, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to allow his timely made motions for nonsuit of the charge of kidnapping.

The evidence presented at trial tended to show: On 19 April 1970 at about 1:30 a.m. defendant knocked on the front door of the Rockingham County jail. The assistant jailer, Henry C. Crowder, came out of the jailer's office, unlocked an iron door, entered the vestibule or waiting room of the jail, and opened the front door. Defendant stuck a gun in Crowder's face and told him he would kill him if Crowder didn't let defendant's buddies out of jail. Defendant then forced Crowder along a route to the cell where his friends were held. The route encompassed some 62 feet and led through the jail vestibule, through an iron door into the jailer's office, and from the office through another iron door into a hall. The hall led into the kitchen area of the jail and then to two steps going down into the lower level of the back part of the jail. After reaching the lower level defendant forced Crowder to unlock and go through a solid iron door and then a bar door into the cellblock area. At this point the prisoners were released and Crowder was locked in the jail cell. Crowder yelled for assistance and was released after being in the cell some 9 or 10 minutes.

Defendant contends that the movement and detention of Crowder does not constitute the offense of kidnapping. We do not agree with this contention.

**[1]** G.S. 14-39, the statute forbidding kidnapping, does not define the offense. Therefore, as set forth in *State v. Lowry,* 263 N.C. 536, 139 S.E. 2d 870 (1965) the common law definition may be resorted to for the particular acts constituting the offense. In *State v. Harrison,* 145 N.C. 408, 59 S.E. 867 (1907) a brief historical treatment is given as follows: "Blackstone and some other English authorities define kidnapping to be the 'forcible abduction or stealing away of a man, woman, or child from their own country and sending them into another.' In 1 East Pleas of the Crown, 429, it is described as 'the most aggravated species of false imprisonment,' and defined to be 'the stealing and carrying away or secreting of any person.' 'The Supreme Court of New Hampshire,' says Bishop, 'more reasonably, and apparently not in conflict with actual decisions, held that transportation to a foreign country is not a necessary part of this offense.' . . . Bishop states the better definition of kidnapping to be 'false imprisonment aggravated by conveying the imprisoned person to some other place.' "

**[2]** *State v. Lowry, supra,* provides that "kidnap" as used in G.S. 14-39 means the unlawful taking and carrying away of a person by force and against his will. It also states that it is the fact, not the distance of forcible removal of the victim that constitutes kidnapping. The court has later stated in *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577 (1971) that the asportation requirement has now been relaxed so that *any* carrying away is sufficient. The distance the victim is carried is immaterial. In *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971) the court stated that, "(w)here the gravamen of the crime is the carrying away of the person, the place from or to which the person is transported is not material, and an actual asportation of the victim is sufficient to constitute the offense *without regard to the extent or degree of such movement."* (Emphasis ours.) Then in *State v. Penley,* 277 N.C. 704, 178 S.E. 2d 490 (1971) the court reiterated the principle that the distance traveled is not material" . . . . The defendant by force and threat of violence took Carter and carried him where he did not consent to go. This constitutes kidnapping under our statute." In *State v. Murphy,* 280 N.C. 1, 184 S.E. 2d 845 (1971) the court repeated the rule that *any* carrying away is sufficient.

The case closest in point to the one at bar is *State v. Reid,* 5 N.C. App. 424, 168 S.E. 2d 511 (1969) written by Parker,

State v. Dix

Judge, where the victim upon leaving his office located at his residence was encountered by two men as he rounded the corner of the garage. The victim ran but fell down, whereupon the two men seized him and dragged him through a hedge at the rear of his property approximately 75 feet into a vacant lot. They then bound and gagged the victim and were waiting for the victim's wife to return and then gain admission to the house when they were frightened away by police. These facts were held sufficient to submit the offense of kidnapping to the jury, although the defendant was given a new trial on the kidnapping charge because of prejudicial error in the charge.

We find no distinguishing factors in the principles involved in the instant case and in *Reid*. In view of the opinions of our Supreme Court the only possible distinction would be whether in both cases there was a "carrying away." .Obviously this "carrying away" is not based on distance since it has been stated numerous times that distance is immaterial. If this were the factor involved then surely 62 feet in the instant case would be sufficient to support the offense as was the 75 feet involved in *Reid*. If distance is not material to the "carrying away" the essential element must be the term "removal" as used by the court in several opinions such as *State v. Lowry, supra, State v. Barbour, supra,* and in *Reid*.

[3]   Black's Law Dictionary, 4th Ed. (1951) defines removal as "in a broad sense, the transfer of a person or thing from one place to another." Webster's Third New International Dictionary (1968) defines removal as a "shift of location." It is this concept that makes the present case a "carrying away" and would prevent certain other cases from constituting kidnapping even though they fit the common law definition. For example, the taking and carrying away of a person by force and against his will from the cash register of his store to the other side of the counter or in the corner of the same room might not constitute kidnapping because there has not been a sufficient "shift of location" or "transfer from one place to another" to meet the requirements of a "carrying away." This is not to say that in a larger building with several distinct areas that the "carrying away" would not be sufficient to constitute the offense. In *Reid* there was a shift from the victim's lot into an adjoining lot through a hedgerow. In the instant case there was a shift even more evident and more dangerous to the victim. Here

Crowder was transported from the front door of the jail through an iron door into his office, through the office, out another iron door, into the hall through the kitchen area, down two steps into the lower back part of the jail, through a solid iron locked door and a double locked cellblock door, and into a cell where he was detained by the defendant. We hold this to be a sufficient "shift of location" or "transfer from one place to another" to constitute a "carrying away," completing the offense of kidnapping. We do not feel that under these facts there would have to be a removal from the physical building. In *Reid* the victim was encountered outside and left outside in the adjoining lot. In the instant case the victim was encountered at the jailhouse door and taken through numerous distinct portions of the building.

We see no distinction in the underlying principle in *Reid* where the shift of location or removal was accomplished outside of any physical structures and in the instant case where the shift of location or removal was done within a physical structure. We hold that such a removal constituted a carrying away and sufficiently established the offense of kidnapping.

[4] Defendant assigns as error the failure of the court to remand the case for a preliminary hearing although a bill of indictment had been returned. We find this contention to be without merit. The preliminary hearing in North Carolina is not an essential criminal proceeding nor is it an essential prerequisite to the finding of an indictment in this jurisdiction. *Gasque v. State*, 271 N.C. 323, 156 S.E. 2d 740 (1967) ; *State v. Hargett*, 255 N.C. 412, 121 S.E. 2d 589 (1961). The court did not err in denying defendant's motion for a preliminary hearing. Furthermore, a preliminary hearing would have been fruitless in this case. Defendant had been tried once, had access to a transcript of the first trial and also had access to a transcript of the post-conviction hearing.

Defendant presents several other assignments of error, all of which we have carefully considered but find them to be without merit.

For the reasons stated, we find

No error.

Judge HEDRICK concurs.

Judge PARKER dissents.

State v. Dix

Judge PARKER dissenting:

The unlawful detention of a human being against his will is false imprisonment, not kidnapping; "in order to constitute kidnapping there must be not only an unlawful detention by force or fraud but also a carrying away of the victim." *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577. True, "[i]t is the fact, not the distance of forcible removal of the victim that constitutes kidnapping," *State v. Lowry,* 263 N.C. 536, 139 S.E. 2d 870, but some carrying *away* must occur nevertheless, and I have found no decision of our Supreme Court which dispenses with this requirement.

In my view, the evidence in the present record fails to show such a carrying away of the victim as to make the offense kidnapping. Quite to the contrary, the evidence establishes that the victim was not carried away at all but was securely locked up on his own premises. *State v. Reid,* 5 N.C. App. 424, 168 S.E. 2d 511, relied on by the majority opinion, is distinguishable. In *Reid,* the victim was forcibly removed from his home premises and was dragged away against his will onto an adjoining lot. That case, in my opinion, represents the outer limits to which the courts should go in finding sufficient evidence of a carrying away to constitute the crime of kidnapping.

Should the opinion of the majority in the present case prevail, it seems to me that the crime of kidnapping would necessarily be involved in every case of robbery or rape in which the evidence shows that the defendant, incidental to accomplishing his major purpose, may have forced his victim to move a few steps and forcibly detained him a few moments, even though all events occurred on the victim's own premises. Some courts, interpreting statutes of their jurisdictions, may have gone so far. Annot.: Seizure or Detention for Purpose of Committing Rape, Robbery, or Similar Offense as Constituting Separte Crime of Kidnapping, 43 A.L.R. 3rd 699. Such a holding does not conform with the common law concept of kidnapping which prevails in North Carolina.

Evidence in the present case would support defendant's conviction of a number of crimes. (Assault under G.S. 14-32(c); assault under G.S. 14-34.2; aiding and abetting prisoners to escape from lawful custody; false imprisonment.) Because it fails to show a carrying away of the victim, I find it insufficient to support defendant's conviction of kidnapping and vote to reverse.