STATE OF NORTH CAROLINA v. WALTER PRESTON PERRY, JR.

No. 775SC108

(Filed 6 July 1977)

**Criminal Law § 86.8— embezzlement from employer — employer's bias — exclusion of evidence error**

In a prosecution of defendant for embezzlement from his employer where defendant testified that he lawfully received payments on behalf of his employer and then gave the money to his employer, but the employer testified that defendant did not give him the money, the trial court erred in excluding defendant's evidence which tended to show bias on the part of the employer.

APPEAL by defendant from *Lanier, Judge.* Judgment entered 15 September 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 7 June 1977.

State v. Perry

Defendant, Walter Preston Perry, Jr., was charged in indictments, proper in form, with three counts of embezzlement from Fiatville, USA, Inc., doing business as American Imports. Upon defendant's plea of not guilty the State offered evidence tending to show the following:

Dave Garris, the owner of American Imports, employed defendant in 1975 as an automobile salesman. In the course of his employment he occasionally received money for American Imports. When defendant did receive money, he was supposed either to take the money to the office and get a receipt, or to write out a receipt, give the money to Garris, and have Garris initial the receipt. In November 1975 Patricia Horton bought a car from American Imports under a financing arrangement that left $135 payable to American Imports. Horton dealt with the defendant in purchasing the car. In late 1975 with defendant acting as salesman, Frank Malpass purchased an automobile from American Imports for a purchase price of $200 of which he paid $100 down. On two occasions in early 1976 defendant went to Patricia Horton's house and was given payments of $10 and $25, respectively, on the balance due American Imports, for which he gave her receipts on his personal calling cards. During the early months of 1976 Frank Malpass made three payments directly to defendant including a payment of $30. American Imports never received the $30 payment made by Malpass, and the $35 in payments made by Patricia Horton.

Defendant offered evidence tending to show the following:

He never received any payment from Patricia Horton at her house, but he did receive payments from her at American Imports on a couple occasions. While he worked at American Imports he did not at any time obtain money from anyone on behalf of American Imports that he did not give to Mr. Garris or to one of the bookkeepers. When defendant gave the money he received in payment for the Malpass automobile to Mr. Garris, Garris did not always enter it into his receipt book. On occasion he would just put it in his pocket.

Defendant was found guilty as charged, and from a judgment imposing a prison sentence of four to five years, he appealed.

*Attorney General Edmisten by Associate Attorney Catharine Biggs Arrowood for the State.*

*James J. Wall for defendant appellant.*

HEDRICK, Judge.

Defendant contends the court erred in denying his motion for judgment as of nonsuit. When considered in the light most favorable to the State, the evidence is sufficient to support findings by the jury that defendant, pursuant to his employment with American Imports, lawfully received payments from Patricia Horton of $10 and $25 and from Frank Malpass of $30, which he fraudulently converted and misapplied to his own use. The assignment of error upon which this contention is based is not sustained.

On cross examination of the State's witness Garris the court sustained the State's objections to questions concerning a business transaction between defendant's father, Warren Perry, Sr., and Garris, and a lawsuit commenced against Garris by Mr. Perry. The court likewise refused to allow defendant and his father to testify with respect to these matters on direct examination. The excluded evidence tends to show that in May 1976 Garris and Mr. Perry entered into an agreement whereby Mr. Perry was to sell Garris a 1973 Checker Marathon automobile for $1,100 and a .357 magnum pistol. Mr. Perry delivered the automobile to Garris, and Garris paid the $1,100 but never delivered the gun. Mr. Perry subsequently filed suit against Garris for breach of contract in the latter part of May, 1976. The court also excluded evidence of defendant's Witness George Gifford, a former employee of American Imports, that Garris fired him in the latter part of May, 1976 for talking to defendant about the alleged embezzlements, and that Garris told him that he would be prosecuted for aiding and abetting if he testified for defendant. Defendant contends the court erred in excluding this testimony because it prevented him from showing bias on the part of the State's witness Garris.

"Cross examination of an opposing witness for the purpose of showing his bias or interest is a substantial legal right, which the trial judge can neither abrogate nor abridge to the prejudice of the cross examining party." *State v. Hart,* 239 N.C. 709, 711, 80 S.E. 2d 901, 903 (1954). A defendant may also show bias on the part of a State's witness by the testimony of his own wit-

nesses. *State v. Wilson,* 269 N.C. 297, 152 S.E. 2d 223 (1967). Bias may be shown by introducing statements made by the impeached witness. *Id.*

In the present case defendant testified that he gave the payments in question to Garris. Garris testified that he did not. Therefore, Garris's testimony was crucial to the State's case against defendant. The excluded testimony certainly tended to establish bias on part of the witness since it revealed that the witness was involved in a lawsuit with defendant's father, and that he had fired defendant's witness for talking to defendant about the alleged embezzlement and threatened to prosecute him if he testified for defendant at trial. The court's exclusion of this testimony was prejudicial to defendant, and he is entitled to a new trial.

Defendant has brought forward and argued numerous other assignments of error which we need not discuss since they are not likely to occur upon a new trial.

For the reasons stated the defendant is entitled to a

New trial.

Chief Judge BROCK and Judge MARTIN concur.