JACK A. LONDON, ADMINISTRATOR OF THE ESTATE OF MARTY ALLEN LONDON, DECEASED v. TIMOTHY RAY TURNMIRE

No. 8425SC961

(Filed 7 May 1985)

1. **Witnesses § 4.1— impeachment—witness's complaint not prior inconsistent statement**

In a wrongful death action arising out of an automobile accident, cross-examination of deceased's mother about a complaint she filed as guardian ad litem for her minor daughter in which she alleged that both deceased and defendant were negligent in causing the accident was not proper for impeachment under the theory of prior inconsistent statements where the witness's testimony dealt only with damages and not with how the accident occurred.

2. **Witnesses § 4.1— impeachment—inconsistent statement of another**

A witness may not be impeached by an inconsistent statement of another.

APPEAL by plaintiff from *Davis, James C., Judge.* Judgment entered 16 May 1984 in Superior Court, BURKE County. Heard in the Court of Appeals 18 April 1985.

This is a wrongful death action arising out of the death of Marty Allen London in an automobile accident involving cars driven by the deceased and the defendant. The defendant counterclaimed seeking damages for personal injuries. The evidence offered at trial tended to show that on 7 March 1982, a head-on collision occurred between the parties' vehicles in the deceased's lane of travel. The evidence as to what occurred immediately preceding the collision was in sharp conflict. The plaintiff's version of what occurred was told by the deceased's sister, Melissa Blackburn, a passenger in his vehicle. She testified that the vehi-

cle driven by the defendant swerved into the deceased's lane of traffic and that in spite of attempted evasive action on the part of the deceased the collision occurred. The defendant's evidence was that as he approached the vehicle driven by the deceased, the vehicle swerved into his lane, and that when he slammed on his brakes to attempt to avoid the deceased he slid into the other lane of traffic striking the deceased head-on. The jury found that neither the deceased nor the defendant was negligent. Based upon this verdict the court entered a judgment denying recovery to both parties. From this judgment, plaintiff appealed.

*Byrd, Byrd, Ervin, Blanton, Whisnant & McMahon, by Robert B. Byrd and Sam J. Ervin, IV; and Todd, Vanderbloemen & Respess, by James R. Todd, Jr., for plaintiff appellant.*

*Patton, Starnes, Thompson & Aycock, by Thomas M. Starnes, for defendant appellee.*

ARNOLD, Judge.

[1]   The issue which is dispositive of this appeal is whether the trial court erred by allowing the defendant to cross-examine Pearline G. London, the deceased's mother, regarding allegations which the witness, acting as guardian ad litem for her daughter, made against the deceased in another action. Believing that this action was error, we award the plaintiff a new trial.

At trial the plaintiff offered evidence from Mrs. London which was designed to establish the damages which were caused by the deceased's death. On cross-examination the defendant was able to show, over plaintiff's objection, that the witness, as guardian ad litem for her minor daughter, had also signed a complaint in which she alleged that both the deceased and Turnmire were negligent in causing this accident. The court also allowed the defendant to introduce that complaint into evidence. From the record it appears that the court permitted this line of cross-examination upon the theory that this evidence might be used to impeach Mrs. London.

In North Carolina a witness's credibility may be attacked on cross-examination by showing *inter alia* prior bad acts, a bad moral character, a mental or physical condition affecting her memory, perception or veracity, or by evidence that the witness

has made other statements inconsistent with her testimony at trial. *See generally* 1 Brandis on North Carolina Evidence §§ 38, 42 (1982). The only one of these reasons which could possibly support the trial court's rulings allowing this line of cross-examination would be to impeach by a prior inconsistent statement. It is the general rule that a party may cross-examine a witness about statements which have been made either orally or in writing when those statements conflict with any portion of the witness's testimony. *State v. Penley*, 277 N.C. 704, 178 S.E. 2d 490 (1971); 1 Brandis on North Carolina Evidence § 46 (1982). In this case, however, the evidence of the prior suit which was elicited on cross-examination in no way contradicted the testimony which Mrs. London previously had given. The evidence which Mrs. London had given prior to the cross-examination did not deal with how the accident occurred but had instead focused on the damages which were caused by her son's death. Thus, it was improper to permit this line of questioning to impeach Mrs. London under the theory of prior inconsistent statements.

[2] The defendant also argues that this line of questioning was proper to impeach the credibility of Melissa Blackburn. This argument is without merit since a person may not be impeached by an inconsistent statement of another. *See* 1 Brandis on North Carolina Evidence § 46 (1982). Thus, we find that it was error to allow cross-examination regarding the prior complaint.

Having found error it must now be determined whether the error was prejudicial. We cannot say that the jury's verdict was not influenced by the admission of the improper evidence, therefore, we find that the erroneous admission constituted prejudicial error. For the above stated reasons we award the plaintiff a

New trial.

Judges PHILLIPS and COZORT concur.