STATE OF NORTH CAROLINA v. BENNIE WILLIAMS

No. 6926SC526

(Filed 19 November 1969)

**Criminal Law § 117— instructions — prosecuting witness as interested witness**

In this prosecution of two cases of assault with a deadly weapon in which the trial court instructed the jury that defendant was an interested witness, the trial court did not err in failing also to instruct the jury that the prosecuting witnesses were interested witnesses, since such instruction would improperly and prejudicially discredit the testimony of the prosecuting witnesses and would be an unwarranted extension of the interested witness rule.

APPEAL from *Falls, J.,* 12 May 1969 Schedule "B" Session of the Criminal Term, MECKLENBURG Superior Court.

*Attorney General Robert Morgan and Staff Attorney Dale Shepherd for the State.*

*Charles V. Bell for the defendant appellant.*

HEDRICK, J.

The defendant was tried and convicted in two cases of assault with a deadly weapon. From an active prison sentence imposed in each case, the defendant appealed contending that the court committed prejudicial error in charging the jury that the defendant was an interested witness and in failing to charge that the prosecuting witnesses were also interested witnesses. The defendant contends that since the prosecuting witnesses had allegedly been cut with a knife by the defendant, they were interested in his conviction and the defendant was entitled to have the jury instructed as to their interest. We do not agree with this contention.

Prior to the adoption of Chapter 110, Public Laws of 1881, now G.S. 8-54, defendants in criminal actions were not competent to testify in their own behalf. The prevailing theory prior to the adoption of the statute was ". . . that the frailty of human nature and the overpowering desire for freedom would ordinarily induce a person charged with crime, if permitted to testify, to swear falsely." *State v. Wilcox*, 206 N.C. 691, 175 S.E. 122 (1934). By the language of G.S. 8-54, a defendant is ". . . at his own request, but not otherwise, a competent witness . . .", and may testify in his own behalf at the trial. The North Carolina Supreme Court, interpreting the provisions of this statute, stated in *State v. Holland*, 216 N.C. 610, 6 S.E. 2d 217 (1939), that:

> "There is no hard and fast form of expression or consecrated formula required but the jury may be instructed that as to the defendant the jury should scrutinize his testimony in the light of his interest in the outcome of the prosecution but that if after such scrutiny the jury believes that the witness has told the truth, it should give his testimony the same weight it would give the testimony of any other credible witness. *S. v. Green, supra.*"

The Court, in *State v. McKinnon*, 223 N.C. 160, 25 S.E. 2d 606 (1943), stated that it is not mandatory that the judge charge the jury in this respect but that the charge is permissible and that it appeared to be the uniform practice.

In *State v. Turner*, 253 N.C. 37, 116 S.E. 2d 194 (1960), the Supreme Court of North Carolina was faced with a question similar

to the one in the instant case. In *Turner*, the defendant was arrested and prosecuted for the unlawful possession of illicit liquors for the purpose of sale. At the trial, the defendant testified in his own behalf. Thomas Hoyle, the defendant's brother-in-law, testified that he lived with the defendant and that the whiskey which had been confiscated belonged to him and not to the defendant. The trial judge, in his charge to the jury, instructed them that the testimony given by Hoyle was to be carefully scrutinized in the light of his interest in the jury's verdict. Upon appeal, the North Carolina Supreme Court reversed on the ground that "these instructions tended improperly and prejudicially to discredit the testimony of Hoyle." The Court further stated that "In our view, nothing else appearing, the bias that would incline a person to testify in his own interest, that is, in such a manner as to protect himself from criminal prosecution, should be regarded at least as strong as the bias that would incline him to testify in behalf of his brother-in-law and against his own interest." For us to require the court to give the jury the instructions contended for by the appellant in this case would be to "improperly and prejudicially" discredit the testimony of the prosecuting witnesses and would be an unwarranted extension of the interested witness rule beyond the reasons underlying its existence.

For the above reasons, we find

No error.

MALLARD, C.J., and MORRIS, J., concur.