STATE OF NORTH CAROLINA v. VESTER EDWARD SASSER

No. 744SC184

(Filed 5 June 1974)

1. Assault and Battery § 13— assault with intent to kill — testimony of
   victim — competency

   In a prosecution for assault with intent to kill, the trial court did not err in allowing the prosecutrix to testify that she heard

State v. Sasser

gunshots and "saw a flash of a gun . . . or what appeared to be a gun" from the car which was pursuing her.

2. **Criminal Law § 169— failure to include witness's answer in record — exclusion of answer not prejudicial**

Defendant failed to show prejudice in the refusal of the trial court to permit him to elicit a statement from the prosecuting witness as to the consistency of statements made at the preliminary hearing and at trial, since defendant failed to have the answer of the witness placed in the record; furthermore, defendant's question was argumentative and therefore improper.

3. **Assault and Battery §§ 16, 17— not guilty of assault with deadly weapon — guilty of assault with firearm — verdicts not inconsistent**

Where defendant was charged with assault with intent to kill with an automobile, but the jury found him guilty of the lesser included offense of assault on a female, and where defendant was also charged with assault with intent to kill with a firearm, but the jury found him guilty of the lesser included offense of assault with a firearm, the verdict of not guilty of assault with a deadly weapon (the automobile) was not inconsistent with the verdict of guilty of assault with a firearm.

APPEAL by defendant from *Tillery, Judge,* 20 July 1973 Session of Superior Court held in SAMPSON County. Argued in the Court of Appeals 16 April 1974.

Defendant was charged, along with his brother, in a bill of indictment with assault with intent to kill, with a firearm and with an automobile.

The State's evidence tended to show that on 5 April 1973 at 1:00 a.m. in the morning, Officer Bobby Greene of the Clinton Police Department observed two cars moving at a high rate of speed along Railroad Street in Clinton, North Carolina. Officer Greene pursued the vehicles at a speed in excess of eighty miles per hour along city streets, observing the cars making a series of reckless turns at high speeds. Thirty seconds after losing sight of the two cars, while proceeding on Oakland Terrace, Officer Greene discovered the vehicle of Mrs. Edith Ann Hartis, the prosecutrix, wrecked against a light pole beside Mrs. Hartis' driveway.

Mrs. Hartis testified that she had been dating the defendant for several months, meeting in clandestine places. On the date in question, Mrs. Hartis had declined defendant's request to meet him after work because of a prior engagement. Later that evening as Mrs. Hartis was returning home after her date, defendant and his brother, riding in defendant's car, began

pursuing the Hartis vehicle. While speeding along city streets, the prosecutrix heard gunshots simultaneously with the flash emitted from a gun coming from the passenger side of defendant's pursuing vehicle, the side in which the prosecutrix had observed defendant. The prosecutrix crashed her car into a light pole in her front yard and fled into her house, escaping shots fired at her front door. Officer Greene arrived at the scene after defendant's vehicle had gone, at which time Mrs. Hartis informed Greene of the events which had transpired.

The defendant's evidence tended to show that the prosecutrix constantly called defendant's home and drove by his house; and that the prosecutrix once pointed a pistol at defendant.

Defendant was found guilty of assault with a firearm and assault on a female, and appealed to this Court.

*Attorney General Morgan, by Associate Attorney Ringer, for the State.*

*Jeff D. Johnson III for the defendant.*

BROCK, Chief Judge.

[1]  Defendant contends the trial court committed error in allowing the prosecuting witness to testify, over objection, that she "heard gunshots . . . saw a flash of a gun . . . or what appeared to be a gun . . . from the car behind . . . ".

An examination of the record reveals a specific objection lodged by defendant as to the identity of the party who allegedly fired a weapon from the pursuing vehicle. This objection was sustained. Defendant then objected to that portion of the prosecuting witness' testimony relating to the flash of a gun or what appeared to be a gun. This objection was overruled.

Defendant's contention that this testimony is inadmissible as nonexpert opinion testimony not within the shorthand statement of fact exception is without merit. The prosecuting witness merely testified as to observations made by her of the events. She described what she saw and heard. This assignment of error is overruled.

[2]  Defendant contends that the trial court committed prejudicial error in not permitting defendant to elicit a statement from the prosecuting witness as to the consistency of statements made at the preliminary hearing and at trial. The prosecuting

witness had testified at the preliminary hearing that she had heard gunshots on three separate streets during the chase, but at the trial testified she had heard gunshots on only two of the three streets named previously. That portion of testimony which defendant alleges was erroneously excluded is as follows:

> "Q. The point of the matter is, your testimony in this regard has not been consistent today with what it was at the preliminary hearing?
>
> "MR. DALE P. JOHNSON: OBJECTION.
>
> "THE COURT: SUSTAINED."

Defendant failed to have the answer placed in the record in order to show what her answer would have been. The sustaining of an objection to a question directed to a witness will not be deemed prejudicial when the record fails to disclose what the answer would have been had the objection not been sustained. *State v. Felton*, 283 N.C. 368, 196 S.E. 2d 239. In addition, it is noted that the question was argumentative and therefore improper. This assignment of error is overruled.

Defendant argues the trial court committed error in denying defendant's motion in arrest of judgment, to set aside the verdict, as against the greater weight of the evidence, to order a mistrial, and motion for a new trial.

[3] Defendant was found not guilty as to assault with a deadly weapon, and not guilty as to assault with a firearm with intent to kill. Defendant was found guilty as to assault with a firearm and assault on a female. Defendant now argues that the verdict of not guilty of assault with a deadly weapon is inconsistent with a verdict of guilty of assault with a firearm.

In reviewing the verdicts, we find the verdicts of not guilty of assault with a deadly weapon but guilty of assault on a female were based upon the charge of assault with the automobile. Apparently the jury in reviewing the evidence found there was insufficient evidence to support the assault with a deadly weapon employing an automobile, but did find the evidence sufficient to convict on the lesser offense of assault on a female by use of an automobile.

The verdict of not guilty of assault with a firearm with intent to kill was addressed to the assault by firing the pistol. It is apparent from the record that the jury found defendant guilty of the lesser included offense of assault with a firearm.

"A verdict, apparently ambiguous, 'may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court.' (Citations omitted.) 'The verdict should be taken in connection with the charge of his Honor and the evidence in the case.' (Citations omitted)." *State v. Tilley*, 272 N.C. 408, 158 S.E. 2d 573.

The trial court's charge to the jury does not appear in the record. Inasmuch as there has been no assignment of error as to the charge, it is presumed that the charge was proper and clearly presented the elements of an assault with an automobile and an assault with a pistol.

This assignment of error is overruled.

We note that the judgment recites that defendant was convicted of "assault with a Firearm With Intent to Kill," which is incorrect because the verdict returned in open court clearly found defendant guilty of the lesser included offense of "assault with a firearm." However, this incorrect recitation in the judgment was clearly inadvertent because the judgment further recites that the offense is of the grade of misdemeanor, and the sentence imposed was within the limits prescribed for a misdemeanor. At the time of the offense involved in this case an assault with the use of a deadly weapon was. a misdemeanor, punishable by a fine, imprisonment for not more than two years, or both. G.S. 14-33(c)(2).

We do not deem it necessary to discuss the propriety of the verdict of guilty of "assault on a female" because the two verdicts were consolidated for judgment and one sentence of two years was imposed. This sentence is clearly supported by the verdict of guilty of "assault with a firearm."

In our opinion, the defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and BALEY concur.