State v. Nelson

STATE OF NORTH CAROLINA v. MARVIN RAY NELSON AND JAMES PATRICK MARTIN, JR.

No. 7426SC594

(Filed 6 November 1974)

1. **Criminal Law § 91— absence of witness — continuance denied**

Trial court did not abuse its discretion in denying defendant's motion for continuance based upon the absence of a defense witness.

2. **Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis**

Trial court did not err in allowing an in-court identification of defendant where the evidence on *voir dire* showed that the identification was based on the witness's observation of defendant on the day he was robbed.

3. **Criminal Law § 87— leading questions asked by judge**

The trial judge did not abuse his discretion in asking leading questions during a *voir dire* examination of a witness.

4. **Criminal Law § 169— overheard conversation — failure to show prejudice**

Even if testimony by a witness as to a conversation between occupants of a car which he overheard while being confined in the car's trunk was inadmissible, defendants failed to show how they were prejudiced thereby.

5. **Criminal Law § 169— objection to question — failure to show what answer would have been**

The sustaining of an objection to a question directed to a witness will not be deemed prejudicial when the record fails to disclose what the answer would have been had the objection not been sustained.

6. **Criminal Law § 86— prior inconsistent statement — impeachment of defendant**

The trial court did not err in allowing the district attorney to use a signed statement made by defendant concerning possession of his pistol to show that defendant had made prior statements inconsistent with his testimony at the trial.

DEFENDANTS appeal from *Falls, Judge,* 18 February 1974 Session of MECKLENBURG Superior Court. Argued in the Court of Appeals on 14 October 1974.

Defendants were tried upon separate bills of indictment charging them with the armed robbery and kidnapping of Charles Carrigan. The State's evidence tended to show the following. At 7:30 p.m. on 20 September 1973, Charles Carrigan had just left a store and was proceeding to his car when he

State v. Nelson

was stopped at gunpoint by two men. Carrigan was ordered to drive these two men to a warehouse where they robbed him of $8.00 and placed him into the car's trunk. After twenty to thirty minutes of traveling around Charlotte streets while confined in his car's trunk, Carrigan managed to escape and notify the police. Charlotte police found the car approximately two hours later and checked it for fingerprints. Defendant Martin's palm and two fingerprints were found on the car. Both defendants took the stand and claimed that a third party, Jerry McMillan, had picked them up in a car which had someone in its trunk. After learning that someone was in the trunk, defendants got out of the car and went their separate ways. From a verdict of guilty as charged, and total sentences of not less than 57 nor more than 60 years for each defendant, the defendants appealed.

*Attorney General Carson, by Assistant Attorney General Donald A. Davis, for the State.*

*J. Reid Potter, for defendant appellant Nelson.*

*Edmund A. Liles, for defendant appellant Martin.*

MARTIN, Judge.

[1] Defendants bring forward numerous assignments of error, all of which apply to both defendants. Defendants first contend that the trial court erred in denying their motion for a continuance made at the start of their trial. The motion was based upon the absence of a defense witness, Jerry McMillan, even though a subpoena had been issued. A motion for a continuance is addressed to the sound discretion of the trial judge, whose ruling thereon is subject to review only in case of manifest abuse. *State v. Penley*, 6 N.C. App. 455, 170 S.E. 2d 632 (1969). Defendants have not shown, nor do we perceive a manifest abuse of discretion.

[2, 3] In their second assignment of error, defendants claim the trial court erred in allowing Carrigan's in-court identification of defendants in that the identification was tainted by impermissibly suggestive photographs of defendants shown to Carrigan. We disagree. *Voir dire* examination revealed that Carrigan's in-court identification was based upon what he saw the day he was robbed. Based upon competent evidence, the trial court made findings to this effect and concluded that Carrigan's in-court identification was admissible. Findings of fact by the trial judge and conclusions drawn therefrom on *voir dire* exami-

nation are binding on the appellate courts if supported by competent evidence. *State v. West,* 17 N.C. App. 5, 193 S.E. 2d 381 (1972). Defendants also complain that the trial court erred by asking leading questions during *voir dire* examination. "The trial judge has discretionary power to permit the use of leading questions in order to save time. (Citations.) He also has the power to question a witness himself for the purpose of clarifying his testimony. (Citations.)" *State v. Collins,* 22 N.C. App. 590, 207 S.E. 2d 278 (1974). We find no abuse of the trial court's discretion in this matter. Defendants' objection to the admission of Carrigan's in-court identification was properly overruled, and the evidence thereof was properly admitted.

[4] Defendants' third assignment of error challenges the admissibility of Carrigan's testimony describing a brief conversation by the occupants of the car which Carrigan overheard while being confined in the car's trunk. In their brief, defendants argue that, notwithstanding the harmless effect of this evidence, the prosecuting attorney and the State should be penalized, in the form of a reversal, for their improper solicitation of this testimony. We decline the offer. Assuming, without deciding, that the testimony was inadmissible, defendants have not shown us how it could have adversely affected the result in their case.

The fourth assignment of error is expressly abandoned.

[5] In their fifth and seventh assignments of error, defendants complain that the trial court erred in sustaining objections to questions concerning the role of Jerry McMillan in this case. Except for one instance, the record fails to show what the excluded evidence would have been. The sustaining of an objection to a question directed to a witness will not be deemed prejudicial when the record fails to disclose what the answer would have been had the objection not been sustained. *State v. Sasser,* 21 N.C. App. 618, 205 S.E. 2d 565 (1974). On one occasion, the record does disclose what the answer would have been. However, the content of the answer does not indicate that Jerry McMillan participated in the crime nor that he had knowledge of defendants' innocence. The excluded evidence only shows that McMillan had threatened defendants about implicating him in the crime. Evidence which tends to raise no more than an inference or conjecture of the guilt of a third party is inadmissible. *State v. Smith,* 211 N.C. 93, 189 S.E. 175 (1937).

[6] In their next assignment of error, defendants contend the trial court erred in allowing the district attorney to use a signed

statement made by defendant Martin for the purpose of impeaching defendant Martin. Defendant Martin testified on cross-examination that on 20 September 1974 Jerry McMillan had Martin's pistol. The district attorney then elicited the following testimony from Martin:

"Q. When did he give it back to you?

A. I haven't received it yet.

Q. Never got it back?

A. No."

Defendant Martin was then questioned about a written statement which defendant Martin admitted having signed. The written statement indicated that on 22 September, two days later, defendant Martin *did* have his pistol. This evidence was competent to show that defendant had made prior statements inconsistent with his testimony at the trial. *State v. Walker,* 6 N.C. App. 740, 171 S.E. 2d 91 (1969); 1 Stansbury, N. C. Evidence, Brandis Revision, § 46.

Finally, defendants concede that their motion for nonsuit was properly overruled by the trial court. We find no prejudicial error in the trial.

No error.

Chief Judge BROCK and Judge PARKER concur.