STATE OF NORTH CAROLINA v. JOHNNY DUNN

No. 7514SC88

(Filed 2 July 1975)

1. **Robbery § 4— armed robbery — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where it tended to show that defendant pointed a rifle in the victim's face and demanded his money and defendant and his companions picked up the victim's groceries after they had threatened, beaten, and driven him away.

2. **Robbery § 5— armed robbery — failure to submit lesser included offenses — no error**

    The trial court in an armed robbery prosecution did not err in failing to instruct the jury on lesser included offenses where the State's evidence showed that defendant was guilty, if guilty of any offense, of the offense charged, and where defendant's testimony at trial was that he was not present at all when the offense was committed.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 4 October 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 April 1975.

Defendant was charged in an indictment with the armed robbery of Phillip Fortune, a violation of G.S. 14-87. He pled not guilty.

At trial the State's evidence tended to show: On 26 February 1974 at approximately 8:45 p.m., Phillip Fortune, the prosecuting witness, was walking near the corner of Umstead and Dalton Streets in Durham carrying a number of grocery items valued at approximately $12.00. When he was under the street light on that corner, a man whom he identified at trial as defendant ran up to him, put a .22 caliber rifle in his face and said, "Give me your money." Defendant was joined immediately by Mike Harris and Dennis Harris, the latter of whom held Fortune while Mike Harris beat him in the face. Fortune dropped his groceries, broke away from the Harrises, and ran. Defendant told Fortune not to run and he shot at Fortune with the rifle. After hiding in some bushes, Fortune saw defendant and the others laughing and saw Mike Harris pick up the groceries as the three left. A .22 caliber rifle, obtained by Durham Police Officers from defendant's mother, was identified by Fortune as the weapon defendant pointed in his face.

Defendant testified that he was at his sister's house on 26 February 1974, that he did not own a rifle, and that he did not rob Fortune.

Defendant was found guilty as charged, and judgment was imposed on the verdict.

*Attorney General Edmisten by Associate Attorney General Archie W. Anders for the State.*

*Ann F. Loflin for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the overruling of his motions for nonsuit. He contends that the evidence shows only that Fortune dropped the groceries in order to aid his escape and that it fails to show that the groceries were taken from Fortune's person by use of a rifle. We find the evidence amply sufficient to allow the case against defendant to go to the jury.

"The gravamen of the offense [of armed robbery, G.S. 14-87] is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the crime of robbery." *State v. Ballard,* 280 N.C. 479, 485, 186 S.E. 2d 372, 375 (1972). While in common-law robbery a taking is necessary, in armed robbery either the taking or the attempt to take will support a verdict under G.S. 14-87. *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496 (1964). In the present case the State's evidence showed that defendant pointed a rifle in Fortune's face and demanded his money. This evidence would be sufficient to submit the case to the jury because it satisfies the statutory requirements of an attempted taking by force or putting in fear by the use of firearms or other dangerous weapons. *See State v. Harris,* 8 N.C. App. 653, 175 S.E. 2d 334 (1970). The evidence that defendant and his companions picked up the groceries, after they had threatened, beaten and driven Fortune away, also satisfies the element of a taking. The evidence shows one continuing transaction amounting to armed robbery, with the elements of violence and of taking so joined in time and circumstance as to be inseparable. *See State v. Reaves,* 9 N.C. App. 315, 176 S.E. 2d 13 (1970). This assignment of error is overruled.

[2] Nor did the trial court err, as defendant now contends, in not instructing the jury on lesser offenses included in the crime

State v. Dunn

charged. Here, the State's evidence shows that defendant was guilty, if guilty of any offense, of the offense charged. Defendant's testimony at trial was that he was not present at all when the offense was committed, but was then at his sister's house. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 159-60, 84 S.E. 2d 545, 547 (1954). Defendant's testimony that he did not own a rifle does not create such a conflict in the evidence as to require submission to the jury of an issue as to common-law robbery.

Defendant assigns error to other portions of the charge, each of which we have carefully reviewed and have found no reversible error therein. Read contextually, the court's instructions were adequate and not misleading regarding how the jury should view defendant's testimony. Nor did the court err in charging that under the evidence in the case the taking away of the groceries from where they had been dropped by Fortune would in law be a taking of property from the person and presence of Fortune. *State v. Reaves, supra.*

Defendant finally contends that the trial court erred in denying his motions for a new trial and for judgment notwithstanding the verdict made immediately upon return of the jury's verdict. The record shows no basis presented for such motions and we find no error in their denial. Later, prior to the trial court's pronouncing sentence, defendant was allowed to state to the court that his testimony at trial was largely untrue. Defendant then stated what he then contended the true facts to be. That defendant may have committed perjury in his trial testimony is no basis for granting him a new trial.

In defendant's trial and in the judgment appealed from, we find

No error.

Chief Judge BROCK and Judge ARNOLD concur.