STATE OF NORTH CAROLINA v. JOHNNY LEE BOZEMAN

No. 755SC688

(Filed 21 January 1976)

1. Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis

Trial court in an armed robbery prosecution properly allowed a witness to make an in-court identification of defendant where the witness observed defendant as he left the scene of the crime and where the witness subsequently made a photographic identification of defendant.

2. Robbery § 4— armed robbery — ownership of property taken — proof unnecessary

In a prosecution for armed robbery of two convenience store employees where the indictment charged defendant with taking money " . . . from the presence, person, place of business, and residence of Harbor Farmes Incorporated DBA Convenient Food Mart Masonboro Loop Rd. New Hanover County—Gladys Hanson and Dickie Kirkum Custodians," the State's failure to offer evidence that the property taken belonged to Harbor Farmes Incorporated did not require nonsuit on the ground of variance, since it is not necessary that ownership of the property be laid in a particular person in order to allege and prove armed robbery.

APPEAL by defendant from Cowper, Judge. Judgment entered 10 June 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 20 November 1975.

Defendant was charged in a bill of indictment with armed robbery.

The State offered evidence, in substance, as follows:

Richard Kirkum and Gladys Hanson testified that on 11 December 1973 they were employed at a Convenient Food Mart in Wilmington. At about 11:00 o'clock that night two men came into the store, with their faces covered, and one of them held a gun at Kirkum's head. He ordered Mrs. Hanson to give him the money from the cash register. She gave him the money, and the men left the store. Charles Swann testified that on 11 December 1973 he drove by the Convenient Food Mart and saw that a robbery was taking place. He parked near the store and watched as the robbers left. One of them uncovered his face as he left the store, and Swann was able to observe him and identify him as the defendant. As the robbers drove away, Swann followed them and saw that the license number of their car was DKZ885. Three detectives from the New Hanover County Sheriff's Department went to the home of defendant, who owned the car with license number DKZ885, and as they drove up to his home, he fled.

Defendant offered evidence tending to show that on the night of 11 December 1973 he was at home with his wife and did not take part in any armed robbery.

The jury returned a verdict of guilty as charged. Defendant appealed from judgment imposing a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Burney, Burney, Sperry & Barefoot, by Roy C. Bain, for defendant appellant.*

MARTIN, Judge.

[1] Defendant contends that the court erred in admitting Swann's identification testimony. Before this testimony was admitted, a voir dire hearing was held to determine its admissibility. At this hearing, Swann testified concerning his opportunity to observe defendant and that after the robbery an employee of the Sheriff's Department showed him a group of photographs and he identified one as a photograph of defendant. The court made extensive findings of fact based on competent evidence concerning Swann's observation of defendant, and concluded that the in-court identification of the defendant by the witness Swann was of independent origin based

solely on what he saw at the time of the crime and was admissible. Findings of fact by the trial judge and conclusions drawn therefrom on voir dire examination are binding on the appellate courts if supported by competent evidence. *State v. Nelson*, 23 N.C. App. 458, 209 S.E. 2d 355 (1974) ; *State v. West*, 17 N.C. App. 5, 193 S.E. 2d 381 (1972). Defendant's objection to the admission of Swann's in-court identification was properly overruled, and the evidence thereof was properly admitted.

[2]   Defendant assigns as error the failure of the trial judge to direct a verdict of not guilty because of insufficient evidence and a fatal variance between the evidence and the indictment.

The indictment charged defendant with taking "$183.00 in money; of the value of $183.00 dollars, from the presence, person, place of business, and residence of Harber Farmes Incorporated DBA Convenient Food Mart Masonboro Loop Rd. New Hanover County—Gladys Hanson and Dickie Kirkum Custodians." The State offered no evidence that the property taken belonged to Harbor Farmes Incorporated and defendant contends that because of this he should have been granted a nonsuit for variance. This contention is without merit. " . . . (I)t is not necessary that ownership of the property be laid in a particular person in order to allege and prove armed robbery. . . . An indictment for robbery will not fail if the description of the property is sufficient to show it to be the subject of robbery and negates the idea that the accused was taking his own property." *State v. Spillars*, 280 N.C. 341, 185 S.E. 2d 881 (1972).

No error.

Judges VAUGHN and CLARK concur.