STATE OF NORTH CAROLINA v. DANNY LILLY

No. 7612SC721

(Filed 2 March 1977)

**1. Robbery § 4— armed robbery — sufficiency of evidence**

In a prosecution for armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury, the State's evidence was sufficient to be submitted to the jury on the armed robbery charge where it tended to show that defendant entered the victim's home and, after a short conversation, struck the victim several times; the victim picked up a crowbar and defendant took it from him and

struck him in the head with it; defendant then removed the victim's wallet, car keys and watch; defendant, with the crowbar hanging on his arm, took the victim into the kitchen and took food from the refrigerator; and defendant then left the house and drove away in the victim's car.

**2. Criminal Law § 169— failure of record to show excluded testimony**

Defendant failed to show that the exclusion of testimony was prejudicial where the record fails to show what the excluded testimony would have been had the witness been permitted to answer.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 15 April 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 10 February 1977.

Defendant was indicted and tried for armed robbery and assault with a deadly weapon with intent to kill inflicting serious bodily injury. The State offered evidence tending to show that John Jones, sixty-four year old prosecuting witness, was at home on 24 January 1976 when the defendant came to his door; that defendant rushed in when Jones opened the door; that the two engaged in a short conversation; and that the defendant then hit Jones several times with his fist. After the assault was in progress, Jones picked up a crowbar and the defendant snatched it from him and struck him in the head with it. Jones testified that the defendant then pulled him up and removed his wallet, his car keys, and his watch; that the defendant took Jones into the kitchen and loaded a bag of food from the refrigerator; and that during this time the defendant had the crowbar hanging on his arm. Defendant then left the house and drove away in Jones' car. As a result of the injuries inflicted by the defendant, Jones was hospitalized for four days.

Defendant offered evidence tending to show that he went to Jones' house looking for a friend, visited for a while, and went to sleep on the couch; that he was awakened by Jones' attempt to engage in oral sex with him; that he pushed Jones away and hit him; that Jones swung a crowbar at defendant and defendant hit him again; that he became frightened and picked up Jones' keys and took Jones' car in order to find his brother so they could take Jones to the hospital.

The jury found the defendant guilty of armed robbery and assault with a deadly weapon inflicting serious injury and a prison sentence of not less than twenty-five years and not more than thirty years was imposed.

---

State v. Lilly

---

*Attorney General Edmisten, by Associate Attorney James E. Scarbrough, for the State.*

*Assistant Public Defender Pinkney J. Moses for the defendant.*

MARTIN, Judge.

[1]  The defendant first contends that the trial court erred in denying his motion, which was made only at the close of the State's evidence, for nonsuit of the armed robbery charge. He argues that the State's evidence does not sufficiently show that the weapon was used at the precise time the robbery occurred. Instead, he contends, the evidence indicates that both the intent to rob and the actual robbery occurred only after the assault of Jones was terminated. Thus, as his argument goes, the use of the crowbar was part of the assault charge and not a part of the armed robbery charge. We disagree.

The defendant introduced evidence in his own defense following the trial court's denial of his nonsuit motion. Our courts have uniformly established that a defendant, by introducing evidence at trial, waives his right to except on appeal to the denial of his motion for nonsuit at the close of the State's evidence. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971) ; *State v. Logan,* 25 N.C. App. 49, 212 S.E. 2d 236 (1975) ; G.S. 15-173. In the instant case, the defendant did not renew his motion for nonsuit at the close of all the evidence. Nevertheless, pursuant to G.S. 15-173.1, we have reviewed the sufficiency of the State's evidence and conclude that the trial court properly denied defendant's motion for nonsuit.

While the defendant contends there was no evidence to indicate that he intended to rob the victim at the time the crowbar was used in the assault, he ignores the fact that the State's evidence shows that the transactions all occurred as one continuous series of events. Numerous decisions by this Court have concluded that the exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction amounting to armed robbery with the elements of violence and of taking so joined in time and circumstances as to be inseparable. See *State v. Dunn,* 26 N.C. App. 475, 216 S.E. 2d 412 (1975) ; *State v. Reid,* 5 N.C. App. 424, 168 S.E. 2d 511 (1969).

Defendant's first argument also ignores the fact that the State's evidence shows that the defendant held a dangerous weapon in his hand at the time he assaulted the victim; that he still had the weapon hanging from his arm at the time he went into the kitchen to take food from the refrigerator; and that it was no longer necessary for him to use or threaten to use the weapon at the time of the robbery since he had already injured and subdued the victim. Viewing this evidence in the light most favorable to the State, as we are required to do, we conclude that there was sufficient evidence to submit the charge of armed robbery to the jury and that the trial court properly denied the defendant's motion for nonsuit as to that charge. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974).

[2] The defendant next contends that the trial court erred in sustaining the State's objection to defendant's question pertaining to the character of the victim. At trial, the defendant testified that he " . . . didn't know he [Jones] was that type of man." When asked what type of man he meant, the State objected and the objection was sustained. The record does not, however, reveal how the witness would have answered this question and, hence, we are unable to ascertain whether the court's ruling was prejudicial. *State v. Little,* 286 N.C. 185, 209 S.E. 2d 749 (1974); *State v. Nelson,* 23 N.C. App. 458, 209 S.E. 2d 355 (1974), app. dismd. 286 N.C. 340, 211 S.E. 2d 216 (1974). The defendant has therefore failed to show any prejudicial error as a result of the exclusion.

We conclude that the defendant had a fair trial free of prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.