HUNTER, Judge.
 

 Tony Dendy ("defendant") appeals from a judgment filed 12 March 2003 entered consistent with jury verdicts finding him guilty of robbery with a dangerous weapon and resisting a public officer. Defendant was sentenced to an active prison term with a minimum of 96 months and a maximum term of 125 months. We conclude there was no error in defendant's trial.
 

 The State's evidence tends to show that on 5 July 2002, Gregory Walker ("Walker") obtained a marijuana cigarette and went into some woods near a homeless shelter to smoke it with a woman he had just met. Shortly after, defendant came into the woods and asked Walker, "why you do this to my woman?" Defendant and Walker began to scuffle, during which Walker heard defendant saying,"[g]et my blade. Get my blade. Get my blade out of my pocket." During the altercation, defendant and the woman were pulling at Walker's pants and defendant took Walker's money from his pocket. Walker followed defendant and the woman out of the woods demanding them to return the money, and defendant replied, "I ain't giving you nothing. You don't get away from me I'm going to cut you." As he was making this statement, defendant had a box cutter in his hand. Walker testified that defendant took "[a]bout a [h]undred [f]ifteen [d]ollars." Walker flagged down a passing police officer, and defendant, after resisting, was eventually arrested and the money returned to Walker.
 

 Sergeant E. B. Peterson ("Sergeant Peterson") testified that he was flagged down by Walker as he was driving by in a patrol car. Walker told Sergeant Peterson that he had been robbed by defendant and Sergeant Peterson called for back up. On cross-examination, Sergeant Peterson testified that he could not recall if Walker had told him that defendant had used a weapon to rob him. A police report filed by Sergeant Peterson made no mention of a weapon being used in the robbery, but noted that back up had been called to investigate the robbery and the investigation was turned over to those officers.
 

 Officer Timothy Slater testified that he responded to the call. Upon his arrival, Walker accused defendant of robbing him and stated that defendant had a box cutter that had been used in the robbery. After initially denying having robbed Walker, defendant became agitated and angry and started flailing his handsabout while yelling and cursing. Defendant eventually consented to a search, which revealed a box cutter and $116.00 in cash. Defendant resisted arrest and struggled with the officers before being handcuffed.
 

 Officer Joseph Crumpler ("Officer Crumpler") testified that Walker stated that defendant had robbed him using a straight edge razor. Officer Crumpler's police report did not mention that a straight edge razor had been used in the robbery and in fact did not relate the facts of the robbery itself. The report instead focused on the events after Officer Crumpler arrived on the scene, but noted that Walker complained of $115.00 being stolen by defendant, and that "a straight edge razor," identified as the box cutter, and $116.00 were found on defendant. Defendant presented no evidence.
 

 The issues are whether: (I) defendant was entitled to an instruction on the lesser-included offense of common law robbery; (II) it was error for the trial court to fail to give the pattern jury instruction for interested witnesses based on the testimony of Walker, the crime victim; and (III) there was sufficient evidence that a dangerous weapon was used during the robbery to withstand a motion to dismiss.
 

 I.
 

 Defendant first contends that he was entitled to an instruction on the lesser-included offense of robbery because there was contradictory evidence as to whether he employed a weapon during the robbery. We disagree. "Due process requires that a lesser-included offense should be submitted to the jury when there is evidence supporting a finding that the lesser included-offense has been committed."
 
 State v. Bellamy,
 

 159 N.C. App. 143
 
 , 150,
 
 582 S.E.2d 663
 
 , 668,
 
 cert. denied,
 

 357 N.C. 579
 
 ,
 
 589 S.E.2d 130
 
 (2003). However, "[t]he trial court is not required to submit a lesser-included offense `when the State's evidence is positive as to every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged.'"
 

 Id.
 

 (quoting
 
 State v. Smith,
 

 110 N.C. App. 119
 
 , 134,
 
 429 S.E.2d 425
 
 , 432 (1993)). Moreover, "[t]he mere contention that the jury might accept the State's evidence that defendant robbed . . . [the victim], but might reject the State's evidence that defendant used or threatened to use the [blade] does not require the submission of the offense of common law robbery to the jury."
 
 State v. Black,
 

 21 N.C. App. 640
 
 , 644,
 
 205 S.E.2d 154
 
 , 156,
 
 aff'd,
 

 286 N.C. 191
 
 ,
 
 209 S.E.2d 458
 
 (1974).
 

 In this case, defendant contends there was conflicting evidence on whether a weapon was used in the robbery. Defendant notes that neither the report of Sergeant Peterson nor the report of Officer Crumpler states that a weapon was used in the robbery. Further, defendant asserts that "the testimony of [Sergeant] Peterson[] showed that Walker never mentioned the box cutter to him in describing the robbery." A review of the transcript, however, reveals that Sergeant Peterson actually testified only that he could not recall whether Walker told him a box cutter had been used. In addition, Sergeant Peterson's report shows that he wasthe first officer on the scene, was informed Walker had been robbed, and simply turned the investigation over to the officers who responded to his call for back up. This does not constitute conflicting evidence as to whether defendant used a weapon during the robbery.
 

 Officer Crumpler's report focused on events occurring after he arrived on the scene leading up to defendant's resisting arrest, except to note that Walker stated he had been robbed and a subsequent search of defendant revealed a box cutter and approximately the same amount of cash alleged to have been stolen. Thus, Officer Crumpler's report does not conflict with the accounts of the robbery itself. Furthermore, Officer Crumpler testified at trial that Walker stated a straight edge razor or box cutter had been used during the robbery.
 

 In this case, as in
 
 Black
 
 :
 

 Under the State's evidence, if a robbery were committed . . ., it was committed . . . with the use or threatened use of the [blade]. The jury was properly instructed that they must be satisfied beyond a reasonable doubt of the existence of each element of the crime, which included the use or threatened use of the [blade], or it would be the jury's duty to acquit defendant.
 

 Id.
 

 Therefore, we conclude defendant was not entitled to an instruction on the lesser included offense of common law robbery as the State's evidence was affirmative and uncontradicted as to the use of a dangerous weapon during the robbery.
 

 II.
 

 Defendant further contends that the trial court erred by denying his request for a jury instruction on the credibility of an interested witness based upon the testimony of Walker, the prosecuting witness. Precedent set by this Court, however, holds that it is, in fact, error for the trial court to give a jury an interested witness instruction based on testimony of the prosecuting witness because such an instruction would "' improperly and prejudicially' discredit the testimony of the prosecuting witnesses and would be an unwarranted extension of the interested witness rule beyond the reasons underlying its existence."
 
 State v. Williams,
 

 6 N.C. App. 611
 
 , 613,
 
 170 S.E.2d 640
 
 , 641 (1969). We are bound by the precedent set by
 
 Williams
 
 and therefore conclude the trial court did not err in denying defendant's request for an interested witness instruction regarding Walker's testimony.
 

 III.
 

 Defendant finally contends that he was entitled to dismissal of the robbery with a dangerous weapon charge because there was insufficient evidence that his use of the box cutter was concomitant with the robbery and further that there was no evidence Walker ever felt threatened or endangered by the box cutter.
 

 "In order to withstand a motion to dismiss a charge of robbery with a dangerous weapon, the State is required to present substantial evidence of all the essential elements of that crime."
 
 Bellamy,
 

 159 N.C. App. at 147
 
 ,
 
 582 S.E.2d at 667
 
 .
 

 The essential elements of robbery with a dangerous weapon are "(1) the unlawful taking or attempt to take personal property from the person or in the presence of another (2) byuse or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened."
 

 Id.
 

 (quoting
 
 State v. Small,
 

 328 N.C. 175
 
 , 181,
 
 400 S.E.2d 413
 
 , 416 (1991)). In
 
 Bellamy,
 
 this Court recognized:
 

 Robbery with a dangerous weapon requires that "the defendant's use or threatened use of a dangerous weapon must precede or be concomitant with the taking, or be so joined with it in a continuous transaction by time and circumstances as to be inseparable."
 
 State v. Hope,
 

 317 N.C. 302
 
 , 306,
 
 345 S.E.2d 361
 
 , 364 (1986). "[T]he exact time relationship, in armed robbery cases, between the violence and the actual taking is unimportant as long as there is one continuing transaction."
 
 State v. Lilly,
 

 32 N.C. App. 467
 
 , 469,
 
 232 S.E.2d 495
 
 , 496-97 (1977). . . . For purposes of robbery, . . . "the taking is not over until after the thief succeeds in removing the stolen property from the victim's possession."
 
 State v. Sumpter,
 

 318 N.C. 102
 
 , 111,
 
 347 S.E.2d 396
 
 , 401 (1986). Property is in the legal possession of a person if it is under the protection of that person.
 
 State v. Barnes,
 

 125 N.C. App. 75
 
 , 79,
 
 479 S.E.2d 236
 
 , 238,
 
 aff'd,
 

 347 N.C. 350
 
 ,
 
 492 S.E.2d 355
 
 (1997) (per curiam). "Thus, just because a thief has physically taken an item does not mean that its rightful owner no longer has possession of it."
 

 Id.
 

 Id.
 
 at 148-49,
 
 582 S.E.2d at 667-68
 
 . In addition, "[t]he question in an armed robbery case is whether a person's life was in fact endangered or threatened by defendant's possession, use or threatened use of a dangerous weapon, not whether the victim was scared or in fear of his life."
 
 State v. Joyner,
 

 295 N.C. 55
 
 , 63,
 
 243 S.E.2d 367
 
 , 373 (1978).
 

 In this case, defendant threatened to use a box cutter in a manner which created a threat to Walker's life. There was also evidence that during the scuffle, defendant instructed the woman to"[g]et [his] blade." Furthermore, Walker testified that after the scuffle in which his money was taken, he continued to follow defendant until defendant threatened him with the box cutter. This is sufficient evidence to establish a continuous transaction, such that the use, or threatened use, of the box cutter as a dangerous weapon was concomitant with the taking of Walker's money. Therefore, the trial court did not err in denying defendant's motion to dismiss.
 

 No error.
 

 Chief Judge MARTIN and Judge THORNBURG concur.
 

 Report per Rule 30(e).